**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMIR MONOROV, <br><br> *Petitioner*, <br><br> v. <br><br> JONATHAN FLORENTINO, et al. <br><br> *Respondents*. | Civil Action No. 25-16732 <br><br> **ORDER** <br><br> January 5, 2026 |

**SEMPER,** District Judge.

  **THIS MATTER** comes before the Court on the motion of Petitioner Tamir Monorov ("Petitioner"), pursuant to Federal Rule of Civil Procedure 65(b), for a Temporary Restraining Order against Respondents Jonathan Florentino in his official capacity as Acting Newark Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; Todd Lyons in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security; (collectively "Respondents"). The Court has considered Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), the Motion for a Temporary Restraining Order (ECF No. 10), and all papers submitted in support thereof.

  **THE COURT FINDS** as follows:

  Petitioner, a national of Russia, has been detained by Respondents at the Elizabeth Contract Detention Facility in New Jersey since October 17, 2025. (ECF No. 1 ¶ 12.) Petitioner was previously granted humanitarian parole on February 1, 2022, and has resided continuously in the

United States since that date, including filing an asylum application with USCIS on December 5, 2022. (*Id.* ¶¶ 5, 7.) Petitioner was apprehended at a USCIS office in Bethpage, New York, for a credible fear interview and was placed into ICE custody pursuant to 8 U.S.C. § 1225(b)(1). (*Id.* ¶¶ 8–11.) Petitioner alleges that this detention is unlawful because he is not subject to expedited removal under 8 U.S.C. § 1225(b)(1). (*Id.* ¶ 17.)

The Court is satisfied that absent immediate injunctive relief, Petitioner faces a continuing risk of irreparable harm, including detention without statutory authority and interference with his ability to pursue relief. *See Ex parte Endo,* 323 U.S. 283, 304-05 (1944) (recognizing a habeas court's power to issue injunctions to maintain the *status quo ante* and protect the petitioner's ability to pursue judicial review).

The Court further finds that Petitioner's counsel has certified the efforts made to provide notice to Respondents and the reasons why notice should not be required prior to the issuance of temporary injunctive relief. (ECF No. 10-1 at 13.) The balance of equities favors Petitioner, and the public interest is served by ensuring detention is exercised only in accordance with law. *See Endo,* 323 U.S. at 304-305.

**NOW, THEREFORE**, on this 5th day of January 2026; it is hereby

**ORDERED** that Petitioner's request for a temporary restraining order is **GRANTED**; and it is

**FURTHER ORDERED** that Respondents are **ENJOINED** from removing Petitioner from the District of New Jersey during the pendency of Petitioner's Petition for a Writ of Habeas Corpus, absent further Order of this Court; and it is

**FURTHER ORDERED** that Petitioner shall serve a copy of this Order and the Petition upon Respondents within two (2) business days of entry of this Order and shall promptly file proof of service on the docket.

**SO ORDERED.**

*/s/ Jamel K. Semper*
**Hon. Jamel K. Semper**
**United States District Judge**
